UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL NO. 73, | )<br>)<br>) |
| and | )<br>) |
| THE TRUSTEES of the SHEET METAL WORKERS LOCAL N0. 73 PENSION FUND, SHEET METAL WORKERS LOCAL N0. 73 WELFARE FUND; and SHEET METAL WORKERS LOCAL N0. 73 ANNUITY FUND, | )<br>)<br>)<br>)  Case No.<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| EAST IOWA DECKS SUPPORT, INC., | )<br>) |
| An Illinois Corporation, | )<br>) |
| Defendant. | ) |

# C O M P L A I N T

Plaintiffs, SHEET METAL WORKERS LOCAL NO. 73 (hereinafter **"Plaintiff Union"**) and THE TRUSTEES of the SHEET METAL WORKERS LOCAL NO. 73 PENSION FUND, SHEET METAL WORKERS LOCAL NO. 73 WELFARE FUND and SHEET METAL WORKERS LOCAL NO. 73 ANNUITY FUND (collectively **"Plaintiff Funds"**) by their attorney, Karl E. Masters, complain of EAST IOWA DECKS SUPPORT, INC., (**"Defendant"**), and allege as follows:

### Count I (ERISA, 29 U.S.C. §1132)

1. This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the

existence of questions arising thereunder.

2. The Plaintiff Funds are multi-employer plans as defined under 29 U.S.C. § 1002. Its principal offices are located at 4550 Roosevelt Road, Hillside, Illinois 60162 within the Northern District of Illinois.

3. The Defendant is an employer engaged in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §185(a). Its principle office is located at 13816 High Road in Lockport, Illinois, and is within the Northern District of Illinois.

4. The Plaintiff Funds receive contributions from numerous employers pursuant to collective bargaining agreements between employers and the Plaintiff Union.

5. The Defendant is bound by a "Supplemental Agreement" with the Plaintiff Union. By its terms, the Supplemental Agreement between the Defendants and the Plaintiff Union adopted the collective bargaining agreement ("CBA") between the Plaintiff Union and the Chicagoland Sheet Metal Contractors Association (hereinafter "CSMCA"), then in effect, as well as any and all subsequent master agreements entered into the Union and CSMCA (a copy of the relevant Agreement is attached hereto as *Exhibit A*). The CBA binds the Defendants to the terms of the Trust Agreements which created the Plaintiff Funds.

6. The CBA and Trust Agreements require the Defendant to submit monthly reports listing the hours worked by its bargaining unit employees. The Defendant is also required to make concurrent payment of contributions to the Plaintiff Funds based upon the hours worked by said employees.

7. The Defendant breached the provisions of the Supplemental Agreement by failing to submit fringe benefit contributions reports for June of 2014 through the present. To date, the amount due remains unknown.

### Count II (Section 301 of the Taft-Hartley Act, 29 U.S.C. §185)

1-5. Counts 1-5 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

6. This Court has jurisdiction over Count II pursuant to Section 301 of the Labor-Management Relations Act (LMRA) of 1947, 29 U.S.C. §185.

7. The CBA referenced in ¶ 5 provides that fringe benefit contributions for a given month are due by the 15th day of the following month (*Exhibit A* at Article VI).

8. The CBA provides that fringe benefit contributions that are received after the 30th day of the month in which they are due are assessed a 15% penalty (*Exhibit A* at Article VI).

9. The Defendant breached the provisions of the CBA with the Plaintiff Union by failing to submit late fees to the Plaintiff Funds for periods other than those referenced in Count I of this Complaint. Specifically, the Fund's records reflect that the Defendant incurred late fees when it failed to submit timely contributions during the months of August through October 2013 and December 2013 through the present.

10. During these months, the Defendant incurred late fees when it failed to timely submit contributions by the 30th day of the month in which they were due. To date, the amount know t o be due is $10,809.23

11. To date, the Defendant Company has not paid any late fees for the months referenced in ¶¶ 9-10.

WHEREFORE, Plaintiffs pray:

   A. That the Defendant be ordered to submit the unpaid contributions and referenced in Count I pursuant 29 U.S.C. §1132(g)(A);

   B. That the Defendant be ordered to pay interest on the delinquent

  contributions referenced in Count I pursuant to 29 U.S.C. §1132(g)(2)(B);

C.  That the Defendant be ordered to pay liquidated damages on the delinquent contributions referenced in Count I pursuant to 29 U.S.C. §1132(g)(2)(C);

D.  That the Defendant be ordered to pay the reasonable attorney fees and costs incurred by the Plaintiffs referenced in Count I pursuant to 29 U.S.C. §1132(g)(2)(D);

E.  That the Defendant be ordered to pay outstanding liquidated damages referenced in Count II pursuant to Section 301 of the Labor Management Relations Act (LMRA) of 1947, 29 U.S.C. §185;

F.  That Plaintiffs have such other and further relief as the Court deems just and equitable.

BY: /s/ Karl E. Masters
KARL E. MASTERS

Karl E. Masters
ARDC #: 6277980
Gregorio & Associates
Attorney for Plaintiffs
2 North LaSalle Street
Chicago, IL 60602
(312) 263-2343